## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES<br><br>v.<br><br>JAMES E. FRACTION, JR. | No. 95-cr-597<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Before the Court is Defendant James E. Fraction, Jr.'s ("Fraction") *pro se* Motion for Compassionate Release or Reduction of Sentence, (the "Motion"). ECF No. 65. The Court decides the Motion without oral argument. For the reasons stated herein, the Motion is **DENIED**.

### I.      BACKGROUND

On March 22, 1996, a jury found Fraction guilty of two counts: carjacking, in violation of 18 U.S.C. § 2119; and kidnapping, in violation of 18 U.S.C. § 1201(a). ECF No. 32. On July 24, 1996, the Hon. Alfred M. Wolin, finding that Fraction's prior convictions for armed robbery and aggravated sexual assault were "serious violent felonies" under 18 U.S.C. § 3559(c), sentenced Fraction to a mandatory sentence of life imprisonment on the kidnapping count and a concurrent term of 180 months' imprisonment for the carjacking. ECF Nos. 40-41.

The Third Circuit affirmed Fraction's conviction and sentence in March 1997. *United States v. Fraction*, 107 F.3d 863 (3d Cir. 1997), *cert. denied*, 522 U.S. 832 (1997). This Court denied Fraction's motion to vacate his sentence under 28 U.S.C. § 2255 in April 2019. *Fraction v. United States*, No. 17-cv-8527, 2019 WL 1772053, at *1 (D.N.J. Apr. 23, 2019). Fraction, now sixty-seven years old, remains incarcerated at FCI Marion. Def.'s Br. 2, ECF No. 65.

### II.      LEGAL STANDARD

Fraction moves for relief under the First Step Act, 18 U.S.C. § 3582(c). The First Step Act allows courts to grant compassionate release or a reduction in sentence if the defendant demonstrates: (1) he has exhausted all administrative remedies prior to seeking judicial review; (2) there are extraordinary and compelling reasons justifying relief; and (3) relief is supported by the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) (citing 18 U.S.C. § 3582(c)(1)(A)). Any relief must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.*

## III.  DISCUSSION[1]

The parties do not dispute that Fraction has met the exhaustion requirement, Def.'s Br. 1, ECF No. 65; Gov't Opp'n 3.  Accordingly, the Court begins its analysis by considering whether Fraction has demonstrated extraordinary and compelling circumstances under 18 U.S.C. § 3582.  The Court concludes he has not.

### 1.  Serious Medical Condition

Section 3582 does not define the phrase "extraordinary and compelling."  Although the Sentencing Commission's policy statements are not binding on a court's consideration of a prisoner-initiated motion for compassionate release, *see Andrews*, 12 F.4th at 259, courts may consider them in assessing whether the defendant has demonstrated such circumstances warranting relief. *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023).

The Sentencing Guidelines explain that certain medical conditions constitute extraordinary and compelling circumstances.  Specifically, if the defendant is "(i) suffering from a serious physical or medical condition, (ii) a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13(b)(1)(B).

Fraction argues that he suffers from "severe cardiac complications currently requiring nitroglycerin and continuous cardiac monitoring." Def.'s Br. 2.  His records indicate that he has also experienced fainting and issues with his lower urinary tract and prostate. Def.'s Supp. Mem. Exs. A-D.

Fraction fails to establish that his medical problems meet Section 3582's standard. "[C]ompassionate release based on a medical condition is reserved for rare cases in which a defendant has a life-threatening or debilitating condition, or a series of medical issues." *United States v. Casteulluzo*, No. 13-cr-560, 2025 WL 2169977, at *7 (D.N.J. July 31, 2025) (listing cancer, a history of strokes, and failure to provide care for a broken neck as examples of serious medical issues).  None of Fraction's health issues, even when considered together, rise to this level of severity. *United States v. Viteri*, No. 19-cr-44, 2020

---

[1] Defendant and the Government both address U.S.S.G. § 1B1.13(b)(6), which provides that:

> If a defendant has received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason . . . [only if the] change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

Def.'s Supp. Mem. 1, ECF No. 65-2; Gov't Opp'n 5, ECF No. 70.  Given the Supreme Court's recent decision invalidating U.S.S.G. § 1B1.13(b)(6) to the extent it permitted nonretroactive changes to sentencing law to be considered as extraordinary and compelling circumstances, the Court does not consider these arguments. *See Rutherford v. United States*, 608 U.S. ---, ---, 146 S. Ct. 1320 (2026).

2

WL 3396804, at *4 (D.N.J. June 19, 2020) ("[A]ffliction with various medical conditions alone is insufficient to justify compassionate release"). In any event, Fraction's records indicate that he is receiving treatment for his medical issues, Def.'s Supp. Mem. Exs. A-D, which cuts against his case for relief. *See United States v. Fountain*, No. 12-cr-155, 2024 WL 4713837, at *9 (E.D. Pa. Nov. 7, 2024).

### 2. Age of the Defendant

A defendant's age can constitute extraordinary and compelling circumstances if he is "at least 65 years old; is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

While Fraction, age sixty-seven, meets the threshold age established by the Guidelines and has served thirty years of his sentence, he does not establish that he is experiencing a "serious deterioration" in his health for the reasons explained above. Nor can Fraction rely on his age alone to justify release. *United States v. Desciscio*, No. 88-cr-239, 2026 WL 1213643, at *3 (D.N.J. May 4, 2026).

Finally, because Fraction has not demonstrated extraordinary and compelling circumstances, the Court need not consider the 3553(a) sentencing factors. *See Stewart*, 86 F.4th at 533 ("If a court finds [extraordinary and compelling] reasons exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate").

### IV.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. An appropriate order follows.

Date: June 8, 2026

WILLIAM J. MARTINI, U.S.D.J.

3